Case 4:23-cv-03926   Document 17   Filed on 01/26/24 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
January 26, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TYRONE-EUGENE JORDAN, a/k/a TYRONE EUGENE JORDAN, | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:23-3926 |
| PAT BREWSTER, *et al.*, | § § § | |
| Defendants. | | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Tyrone-Eugene Jordan, a/k/a Tyrone Eugene Jordan, a former federal inmate, filed this lawsuit in the 125th Judicial District Court of Harris County. He brings claims against federal probation officer Pat Brewster and the United States of America. The defendants removed the action to this Court (Dkt. 1) and have moved to dismiss all claims (Dkt. 12). Jordan has not responded, and the time to respond has expired. Having carefully reviewed the pleadings, the pending motions and briefing, the applicable legal authorities, and all matters of record, the Court determines that the defendants' motion should be **granted in part** and Jordan's claims should be **dismissed without prejudice** for the reasons explained below.

Jordan filed this suit on September 21, 2023, in the 125th Judicial District Court of Harris County, Cause Number 2023-64372 (Dkt. 1-2). He sues Pat Brewster, who was a federal probation officer at times relevant to Jordan's claims, and the United States of America, which he identifies as "a foreign, federal corporation" (*id*. at 1-2). Jordan claims

that, in 2015, Officer Brewster falsely alleged that Jordan filed false liens against federal prosecutor Julie Kay Gowen-Hampton and the Honorable Hayden Head (*id*. at 2). He further alleges that, at various times between 2018 and 2022, he and Brewster entered into agreements to resolve their dispute and establish that Brewster violated Jordan's rights (*id*. at 2-3). He brings claims for tortious interference with contract; common law fraud; breach of agreement or covenant; and unjust enrichment (*id*. at 4-6). Although Jordan's petition does not specify the relief he seeks, he sent a letter the United States Attorney for the Southern District of Texas, dated November 3, 2023, offering to settle this case for an amount over $26 million (Dkt. 16, at 13-14).

On October 16, 2023, the defendants removed Jordan's suit to this Court pursuant to 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 2679(d)(2) (Dkt. 1). They now move to dismiss all claims on two grounds (Dkt. 12). First, they seek dismissal of Jordan's claims for lack of subject-matter jurisdiction under provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (FTCA); the Tucker Act, 28 U.S.C. § 1491; and the Little Tucker Act, 28 U.S.C. § 1346(a)(2). Second, they seek dismissal based on a sanction order entered against Jordan in Civil Action No. 4:15-3456. Jordan has not responded to the motion. However, he has returned his copies of multiple case documents marked with notations such as "refused for cause" and "consent denied." *See*, *e.g.*, Dkt. 4; Dkt. 6; Dkt. 7; Dkt. 8; Dkt. 9; Dkt. 13; Dkt. 14; Dkt. 15. He also submitted a filing with an affidavit and other documents (Dkt. 16).

Jordan's claims in this lawsuit are connected to two federal criminal cases against him. First, in 2010, Jordan was prosecuted in federal court for conspiracy to launder money

and alien smuggling.  *United States v. Jordan*, Criminal Action No. 2:10-CR-20-03 (S.D. Tex.).  Judge Head presided over the case and Gowen-Hampton was a prosecutor. On February 16, 2012, after his conviction by a jury, Judge Head sentenced Jordan to 63 months in the Bureau of Prisons.

Second, in April 2015, the United States brought a new indictment against Jordan for filing false liens against Gowen-Hampton and Judge Head.  *United States v. Jordan*, Criminal Action No. 4:15-CR-182 (S.D. Tex.).  Jordan was convicted by a jury and, on December 4, 2015, the court sentenced him to 120 months in the Bureau of Prisons followed by three years of supervised release.  On March 14, 2017, the Fifth Circuit affirmed the judgment against him.  In June 2015, the United States also brought a civil action against Jordan, which resulted in a court order on September 2, 2015, permanently enjoining Jordan from filing future false liens against Judge Head, Gowen-Hampton, or any other federal officer or employee.  *United States v. Jordan*, Civil Action No. 4:15-CV-1664 (S.D. Tex.).

In November 2015, Jordan filed a civil case against Gowen-Hampton seeking to enforce the fraudulent liens.  *Jordan v. Gowen-Hampton*, Civil Action No. 4:15-3456 (S.D. Tex.).  On February 25, 2016, the district court dismissed the case as frivolous.  In the dismissal order, based on Jordan's frivolous, malicious, and harassing filings regarding Gowen-Hampton, the court also sanctioned him by barring further related filings without leave of court:

> Until such time as the Court may order otherwise, Tyrone Eugene Jordan is hereby **ENJOINED** from filing any action, complaint, or motion in state or federal court that directly or tangentially arises from or relates to the subject matter alleged in Civil Nos. H-15-1664 or H-15-3456 without first obtaining

>   leave of Court from the Chief Judge of the United States District Court for
>   the Southern District of Texas or this Court.

(*Id.* Dkt. 15, at 8-9).  The court considered the facts, Jordan's litigation history, and relevant legal authorities before deciding that enjoining further filings by Jordan was an appropriate sanction (*id.* at 7-8 (citing *Villar v. Crowley Maritime Corp.*, 990 F.2d 1489, 1499 (5th Cir. 1993); *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986); *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980); *Kamintezky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277-78 & n.1 (S.D. Tex. 1995))).  The court also sanctioned Jordan in the amounts of $500 and $250.  (*Id.* Dkt. 24, Dkt. 30).

In 2019, Jordan sued Officer Brewster and other defendants for alleged fraud and misrepresentation in connection with the 2015 criminal case against him.  *Jordan v. Brewster*, Civil Action No. 4:19-1267 (S.D. Tex.). The defendants moved to dismiss the case based on FTCA provisions regarding exhaustion of remedies and timeliness, among other grounds.  On November 27, 2019, the court granted the defendants' motion to dismiss.

In this case, Jordan alleges that Officer Brewster, when acting as Jordan's probation officer, falsely accused Jordan of filing false liens against Gowen-Hampton and Judge Head, leading to Jordan's prosecution in Criminal Action No. 4:15-CR-182.  His allegations clearly are related to Civil Action No. 4:15-1664, in which Jordan was enjoined from filing future false liens regarding Gowen-Hampton and Judge Head, and Civil Action No. 4:15-3456, in which Jordan sought to enforce fraudulent liens against Gowen-Hampton.  Therefore, Jordan's claims fall within the scope of the order entered in Civil Action No. 4:15-3456 which, as quoted above, barred him from filing any case or motion

4 / 5

in state or federal court "that directly or tangentially arises from or relates to the subject matter alleged in Civil Nos. H-15-1664 or H-15-3456" unless he first obtained leave from the sanctioning court or the Chief Judge of the United States District Court for the Southern District of Texas.  Because Jordan has not directed the Court's attention to any order from the sanctioning judge or the Chief Judge of this district that grants him leave to file this case, his complaint will be dismissed without prejudice.

Given this ruling, the Court does not reach the defendants' arguments for dismissal based on sovereign immunity, the FTCA, and the Tucker Act.  The Court notes, however, that several of these issues were the basis for the court's dismissal in *Jordan v. Brewster*, Civil Action No. 4:19-1267.

For the reasons explained above, the Court **ORDERS** that the defendants' motion to dismiss (Dkt. 12) is **GRANTED in part**. This civil action is **DISMISSED without prejudice** pursuant to the sanction imposed on February 25, 2016, in *Jordan v. Gowen-Hampton*, Civil Action No. 4:15-3456 (S.D. Tex.).

Jordan is **WARNED** that future frivolous or barred filings may subject him to further sanctions. Additionally, future frivolous or repetitive filings in this case may be stricken from the docket without further warning.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____January 26_____, 2024.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE